IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ROBERT L. CRAWFORD,**

      **Plaintiff,**

v.                                             **CASE NO.: 3:08-cv-00202**

**WESTERN REGIONAL JAIL,
WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY
and CABELL COUNTY CIRCUIT COURT,**

      **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

On March 26, 2008, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 (Docket No. 2) against the named defendants and applied to proceed without prepayment of fees and costs (Docket No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636 (b)(1)(B).

### **I. Background of Plaintiff**

According to the West Virginia Division of Corrections website, plaintiff was incarcerated at the Western Regional Jail in Barboursville, Cabell County, West Virginia in February 2008. He has since been paroled and is currently under the supervision of West Virginia's Southwestern Parole Region 56. Plaintiff now resides at the Veteran's Home in Barboursville, West Virginia.

## II. Allegations of the Complaint

In his Complaint, plaintiff alleged that the Western Regional Jail failed to provide him with proper medical attention during his incarceration at that facility.[1] In particular, he claimed that he suffered from an "85% blockage" in his heart and required a procedure to implant cardiac stents. He indicated that this procedure was scheduled on two occasions at the Veteran's Administration Medical Center, but was not performed. Plaintiff submitted an inmate grievance form to the Jail on February 6, 2008 inquiring when he would receive the "two stint operations," which he claimed were scheduled on that day, but had to be canceled because the Jail could not accommodate the schedule. (Complaint, Exhibit 2, at 1). He further stated that he, personally, had already delayed the operations and his doctors had advised him that the situation was becoming urgent.[2] (*Id.*). Plaintiff submitted a second form on February 14, 2008, asking about the status of "his request on 2-6-08 about my doctor appointment." (Complaint, Exhibit 2, at 2). A third form was submitted by plaintiff on March 10, 2008, which made no mention of his heart condition or his need for surgical intervention. Instead, this form requested a referral to an outside drug abuse treatment program. (Complaint, Exhibit 3, at 1). Plaintiff's Complaint did <u>not</u> allege that he

---

[1] Interspersed in his allegations concerning a lack of medical attention, plaintiff makes several references to his belief that he has been subjected to "double jeopardy." Presumably, he has joined the Cabell County Circuit Court as a defendant in this civil action in connection with that claim, as no other claim is even remotely applicable to the Cabell County Circuit Court. If plaintiff is, in fact, claiming that his Fifth Amendment rights were violated by the application of double jeopardy, then a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff has not filed a petition for writ of habeas corpus as required by the Federal Rules Governing Section 2254 Cases in the United States District Courts, nor has he provided evidence that he has exhausted his state remedies as mandated by 28 U.S.C. § 2254(b).

[2] From the dates listed in plaintiff's Complaint, it appears that the procedure was first scheduled on December 19, 2007, which presumably was prior to plaintiff's incarceration.

2

suffered any serious injury or consequence as a result of the alleged lack of medical attention.[3] In his prayer for relief, plaintiff asked the Court to "let [him] go and handle [his] problems" or to award him monetary compensation for the undue stress he suffered as a result of worrying about his medical condition while he waited for treatment.

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915A, the Court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[4] Section 1915A(b) requires the Court to dismiss the case, or any part of it, if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319 at 325 (1989). Likewise, a Complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the Complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955 at 1968-69 (2007). The Supreme Court further clarified the "plausibility" standard

---

[3] Plaintiff's Complaint reads as follows:
"No getting proper medical attention in a life or death situation. 85% blockage pain and aggalnolity of not knowing what happen their talking like it suppose to be a secret. I don't know my family don't know anything. The worrying each day of the unknown. That was one of my fears before I when and seen what my problem was. This is like Double Jeopardy reason I'm here now."

[4] 28 U.S.C. § 1915 also requires an initial screening by the Court in each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs).

in *Ashcroft v. Iqbal,* 129 S.Ct. 1937 1249, (2003) stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.   Although *pro se* Complaints, such as the one in this civil action, are to be construed liberally, the Complaint still must contain sufficient factual allegations to support a valid legal cause of action.

## IV. Analysis

### A. Injunctive Relief

Plaintiff is seeking relief for an alleged violation of his Eighth Amendment right to receive adequate medical care while he was incarcerated at the Western Regional Jail. He requests that the Court provide injunctive relief in the form of ordering his release from the facility so that he can undergo surgery at the Veteran's Administration Medical Center.

In view of plaintiff's recent release from the Western Regional Jail, this prayer for relief is moot.  "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided.  If intervening factual. . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983).  Once an inmate is released from a jail against which he has made an Eighth Amendment claim for injunctive relief, his claim becomes moot, because he is no longer subjected to the alleged wrongful treatment.  *Id.* See also, See *Gillette v. The State of West Virginia, et al.,* 2003 WL 23522062 (2003); *Inmates v. Owens,* 561 F.2d. 560 (4th Cir. 1977). Accordingly, plaintiff's claim for injunctive relief should be denied.

### B. Monetary Compensation

Plaintiff also requested monetary compensation for his alleged emotional distress. However, the named defendants in this case are the Western Regional Jail and the West Virginia Regional Jail and Correctional Facility Authority, both of which are immune from a suit for money damages under the Eleventh Amendment of the United States Constitution. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989); See also *Cantley v. The West Virginia Regional Jail and Correctional Facility Authority, et al.,* 2010 WL 3063307 (S.D.W.Va.). In *Will,* the Supreme Court recognized that "the doctrine of sovereign immunity is one of the well-established common-law immunities and defenses that Congress did not intend to override." *Will, supra* at 58. The Court added that the sovereign immunity enjoyed by a State under the Eleventh Amendment extended to "governmental entities that are considered 'arms of the State.'" *Id.* at 70. "It is well-established that the West Virginia Regional Jail and Correctional Facility Authority is an agency of the State of West Virginia and is not a "person" within the meaning of § 1983 for purposes of actions seeking money damages." *Cantley v. The West Virginia Regional Jail and Correctional Facility Authority, supra.* at 13. Similarly, the Western Regional Jail, as a subdivision of the Jail Authority is immune from claims for money damages such as the one asserted in this civil action. Consequently, plaintiff's Complaint against the defendants for monetary compensation is barred by 28 U.S.C. § 1915A (b)(2) and should be dismissed.

### C. Sufficiency of Eighth Amendment Allegations

Although the mootness doctrine and Eleventh Amendment immunity of the defendants are fatal to plaintiff's claims, it bears mention that, aside from these

principles, plaintiff's Complaint fails to state allegations sufficient to support a threshold claim of an Eighth Amendment violation. In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the United States Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" However, the Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833, quoting *Rhodes v. Chapman,* 452 U.S. 337 at 347. Not every refusal or delay of medical care will translate into a "constitutional liability" for prison officials. *Id.* at 834. Instead, only those circumstances which deprive inmates of "the minimal civilized measure of life's necessities" are sufficiently inhumane to form the basis of an Eighth Amendment violation. *Id.*

For plaintiff to sustain his Eighth Amendment claim, he must state factual allegations that support the reasonable conclusion that: (1) the delay or deprivation of his medical care was "sufficiently serious," when measured by an objective standard, and (2) the prison officials who delayed or denied his care had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety," when measured by a subjective standard. *Id.* The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See Id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

*Miltier*, *supra* at 851-852. Moreover, an inmate is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir. 1977).

Plaintiff's Complaint lacks sufficient facts to even minimally support a conclusion that the defendants' failure to expedite a surgical procedure was "sufficiently serious" to place plaintiff at a substantial risk of death or disability, or that the defendants acted with "deliberate indifference" to a serious medical need. Plaintiff does not contend that he experienced severe physical pain, disability, or any symptom for that matter, which was suggestive of an impending cardiac event. He does not claim to have endured an injury or loss as a result of the alleged lack of medical care. Instead, he merely

complains that the defendants did not arrange a prophylactic surgical procedure for him immediately upon request; a procedure which he admittedly and inexplicably canceled on his own initiative prior to his incarceration.

Plaintiff admits in his Complaint that the sole consequence from the alleged delay of medical care was that he worried about his health. However, even his grievance forms do not communicate a sense of impending doom or overriding distress. The first two forms appear largely to be scheduling inquiries, and the third form does not mention the stent surgery or express concern over plaintiff's cardiac health. Neither the grievance forms, nor the plaintiff's Complaint, detail a single instance in which the plaintiff suffered a significant physical injury or ailment that was ignored and unattended. In *Strickler v. Waters,* 989 F.2d 1375 (4th Cir. 1993), the United States Court of Appeals for the Fourth Circuit reaffirmed that evidence of a serious or significant physical or emotional injury resulting from the challenged condition is essential to support a prisoner's Eighth Amendment challenge to prison conditions. In the absence of a serious or significant injury arising from the challenged condition, plaintiff simply "has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id.* at 1381.

The Complaint fails to contain allegations objectively describing a serious deprivation of "basic human needs;" therefore, it fails to meet the first requirement set forth in *Farmer v. Brennan, supra.* This failure obviates the need to consider whether the Jail officials acted with sufficient indifference to satisfy the Amendment's state-of-mind requirement. *Strickler v. Waters, supra.* However, it should be noted that the Complaint lacks any contention that a particular jail official was aware of plaintiff's

purported "life or death" medical condition, yet intentionally and knowingly denied necessary care.  As discussed above, "deliberate indifference" to a medical need under 42 U.S.C. § 1983 requires a high degree of culpability, including knowledge of the severity of the situation and actual intent or reckless disregard of the substantial risk the situation poses to the inmate. Actual intent or reckless disregard are measured subjectively; therefore, plaintiff should have identified at least one individual who (1) had actual or constructive knowledge that a lack or delay of immediate surgery posed a pervasive and unreasonable risk of injury to plaintiff; and (2) was deliberately indifferent to that risk. See, e.g.  *Redemann v. Warden,* 2010 WL 3190786  (D. Md.) Plaintiff's Complaint simply does not meet the threshold elements necessary to sustain a valid Eighth Amendment claim; therefore, for these additional reasons, plaintiff's Complaint is frivolous, fails to state a claim, and should be summarily dismissed.

## V.  Proposal and Recommendations

Based on the foregoing findings, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Complaint (Docket No. 2) be **DISMISSED** with prejudice pursuant to the screening provisions of 28 U.S.C. § 1915A(b), and that his Application to proceed without prepayment of fees or costs (Docket No. 1) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure,

Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

DATED: September 22, 2010

Cheryl A. Eifert
United States Magistrate Judge